**VIRGINIA:**

In the Supreme Court of Virginia held at the Supreme Court Building in the City of Richmond, on Friday, the 31st day of October, 2008.

Pamela E. Mayfield-Brown,                                    Appellant

  against   Record No. 071167
          Circuit Court No. L06-3008

Sue K. Sayegh, M.D., F.A.C.O.G., et al.,                    Appellees.

      Upon an appeal from a judgment rendered by the Circuit Court of the City of Norfolk.

Dominique Clark, et al.,                                     Appellants,

  against   Record No. 072312
          Circuit Court No. CL06-3679

Margarita de Veciana, M.D.,                                  Appellee.

      Upon an appeal from a judgment rendered by the Circuit Court of the City of Norfolk.

Melvin L. Wright, Administrator of the
 Estate of Anne A. Wright, Deceased,                        Appellant,

  against   Record No. 071175
          Circuit Court No. L05-2396

David F. Silver, M.D., et al.,                              Appellees.

      Upon an appeal from a judgment rendered by the Circuit Court of the City of Norfolk.

Upon consideration of the record, briefs, and argument of counsel, the Court is of the opinion that there is reversible error in the judgments of the circuit court.

In these consolidated appeals, each appellant asserts that the

trial court erred in holding that Eastern Virginia Medical School Academic Physicians and Surgeons Health Services Foundation ("EVMS Health Services Foundation") and/or its employees and agents are entitled to charitable immunity. EVMS Health Services Foundation has a stated purpose and organization very similar to that of the University of Virginia Health Services Foundation discussed in the recently decided case of University of Va. Health Servs. Found. v. Morris, 275 Va. 319, 657 S.E.2d 512 (2008). Applying the analysis concerning charitable immunity that we articulated in Morris, this Court holds that the EVMS Health Services Foundation and/or its employees and agents are not entitled to charitable immunity.

EVMS Health Services Foundation dedicates substantial resources to the billing and collection of fees. It engages in systematic billing and collection practices similar to those employed by the University of Virginia Health Services Foundation. EVMS Health Services Foundation contracts with several outside collection agencies, including a law firm, which regularly seek legal redress for payments owed to the EVMS Health Services Foundation for services rendered.

The amount of EVMS Health Services Foundation's charity work as compared to its income is small. For example, in 2003, its financial statements show that EVMS Health Services Foundation collected slightly more than 49% of the $67,868,935 amount billed to nonindigent patients, resulting in total net patient revenue of

$33,302,698. EVMS Health Services Foundation's financial statements show it forgave $1,984,722 in billings for indigent services. Therefore, by treating indigent patients, EVMS Health Services Foundation failed to receive approximately $973,886 in collections. Moreover, EVMS Health Services Foundation's 2003 financial statements also show an indigent care reimbursement from the Commonwealth of $787,464. Thus, taking into account the Commonwealth's reimbursement, EVMS Health Services Foundation's actual shortfall in 2003, as a result of providing medical care to indigent patients, was $186,422.

EVMS Health Services Foundation, as does University of Virginia Health Services Foundation, pays a large portion of its excess revenues to its clinicians. EVMS Health Services Foundation does not distribute excess revenues based upon need or societal benefit. Excess revenues are required to be paid to the clinical departments that earned the revenues, after deducting their pro rata share of expenses. Each clinical department distributes the funds in accordance with a predetermined 70/20/10 distribution formula. According to the formula, 70% is paid to the clinicians, 20% to Eastern Virginia Medical School ("EVMS") for the use of the Dean and the remaining 10% to EVMS for the use of the department chairs.

EVMS Health Services Foundation receives no charitable donations from individual donors. EVMS Health Services Foundation

3

has never reported to the federal government receipts of any contributions from private benefactors, and it is forbidden from soliciting or accepting such contributions absent the consent of EVMS.

Upon consideration of the above-referenced factors, it is clear that the manner in which EVMS Health Services Foundation actually conducts its affairs is like a profitable commercial business.  See Morris, 275 Va. at 340, 657 S.E.2d at 522.  EVMS Health Services Foundation is, therefore, not immune from tort liability under the doctrine of charitable immunity.

Accordingly, the judgments of the trial court granting the special pleas of charitable immunity in Pamela E. Mayfield-Brown v. Sue K. Sayegh, M.D., F.A.C.O.G., et al., Dominique Clark, et al. v. Margarita de Veciana, M.D., and Melvin L. Wright, Administrator of the Estate of Anne A. Wright, Deceased v. David F. Silver, M.D., et al. are reversed, and the cases are remanded for further proceedings consistent with this order.

This order shall be published in the Virginia Reports and shall be certified to the said circuit court.

A Copy,

Teste:

Patricia L. Harrington, Clerk

4